IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES OTIS HERRING and PAMELA HERRING § § § VS. § § TRUEBLUE PEOPLE READY, INC. AND RENEWABLE ENERGY SYSTEMS AMERICAS, INC. § § § § § | CIVIL ACTION NO._____ NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(A) |

## RENEWABLE ENERGY SYSTEMS AMERICAS, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Renewable Energy Systems Americas, Inc. ("RES") hereby gives notice of removal of the following lawsuit to the United States District Court for the Southern District of Texas – Houston Division: Cause No. CV52582; *Charles Otis Herring and Pamela Herring v. Trueblue People Ready, Inc. and Renewable Energy Systems Americas, Inc.*, in the 329th Judicial District Court of Wharton County, Texas (the "State Court Lawsuit"). In support of removal, RES submits the following:

### I. STATE COURT LAWSUIT

1. Plaintiff Charles Otis Herring and Pamela Herring (collectively, "Plaintiffs") filed the State Court Lawsuit on December 22, 2020. See Plaintiffs' Original Petition at **Exhibit C**. The State Court Lawsuit is a personal injury lawsuit whereby Plaintiffs seek compensatory and punitive damages against PeopleReady, Inc. – a TrueBlue Company apparently incorrectly sued as Trueblue People Ready, Inc. ("Trueblue")[1] and RES (collectively, "Defendants") for alleged negligence.

---

[1] A Texas Secretary of State search did not reveal that Trueblue People Ready, Inc. was a Texas entity or entity registered to do business in Texas. However, PeopleReady, Inc. was found to be a Washington state corporation registered to do business in Texas.

## II.  PROCEDURAL REQUIREMENTS FOR REMOVAL

2. The State Court Lawsuit is properly removed to this Court because the State Court Lawsuit is pending within this district and division.  28 U.S.C. §124(b)(2) and 1441.

3. RES was served with the State Court Lawsuit on December 28, 2020.  Removal is timely in accordance with 28 U.S.C. § 1446(b), because it is filed within 30 days after RES's receipt of the State Court Lawsuit.

4. Pursuant 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule LR-81, the following items are included with this notice of removal:

    a.  Exhibit A – Index of Exhibits

    b.  Exhibit B – Docket Sheet

    c.  Exhibit C – Unofficial Copy of Plaintiffs' Original Petition

    d.  Exhibit D – Unofficial Copy of RES's original answer to the State Court Lawsuit

    e.  Exhibit E – List of Parties and Counsel

5. This notice of removal is being filed with the District Clerk of Wharton County, and is being served on all known counsel pursuant to 28 U.S.C. 1446(d).

## III.  REMOVAL BASED ON DIVERSITY JURISDICTION

6. Removal of the State Court Lawsuit is proper because complete diversity of citizenship exists among the parties, and the amount in controversy in this lawsuit exceeds $75,000.00 (exclusive of interest and costs).  *See* 28 U.S.C. § 1332(a); *see also* **Exhibit C** at p. 9 (noting that "Plaintiffs hereby state that they are seeking monetary relief of over $5,000,000 [sic.].").

7. Contrary to the allegations in Plaintiff's Original Petition, RES is a Delaware corporation with a principal place of business located at 11101 W. 120th Ave., Ste. 400, Broomfield, Colorado 80021.  Trueblue was apparently incorrectly named in the State Court Lawsuit.

Trueblue's correct entity name appears to be PeopleReady, Inc. – a TrueBlue Company.[2] This entity is a Washington corporation with a principal place of business at 1015 A. Street, Tacoma, Washington 98402-5122. Accordingly, complete diversity exists among the parties.

8.      If the amount in controversy more likely than not (measured by a preponderance of the evidence) exceeds the jurisdictional minimum, then removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003). The burden of showing the jurisdictional minimum is met if it is apparent from the face of the Plaintiffs' petition that the amount in controversy exceeds $75,000.00. *See St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In the State Court Lawsuit, Plaintiffs seeks monetary relief of more than $5,000,000. *See* **Exhibit C**. Although RES denies that Plaintiffs are entitled to recover any damages, the allegations in Plaintiffs' Original Petition establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum to permit removal in accordance with 28 U.S.C. §§ 1441 and 1446.

### IV.  CONCLUSION

There is complete diversity among the parties and the amount in controversy exceeds the jurisdictional minimum. This Court has jurisdiction pursuant to 28 U.S.C. §1332. All procedural requirements for removal have been met. Accordingly, RES removes this action from the 329th Judicial District Court, Wharton County, Texas to the United States District Court for the Southern District of Texas – Houston Division.

---

[2] See FN 1, *supra*. After a diligent search, RES did not find a Texas entity, or entity registered to do business in Texas, named True Blue People Ready, Inc.

Respectfully submitted,

**CLARK HILL PLC**

By: */s/ James M. Kimbell*
    **JAMES M. KIMBELL**
    Fed. Bar No. 1627
    State Bar No. 11420000
    909 Fannin, Suite 2300
    Houston, Texas 77010-3033
    (713) 951-5600 – Telephone
    (713) 951-5660 – Facsimile
    jkimbell@clarkhill.com

OF COUNSEL:

**ERNESTO ALVAREZ JR.**
Fed. Bar No. 2608833
State Bar No. 24100117
909 Fannin, Suite 2300
Houston, Texas 77010-3033
(713) 951-5600 – Telephone
(713) 951-5660 – Facsimile
ealvarez@clarkhill.com

    **ATTORNEYS FOR DEFENDANT**
    **RENEWABLE ENERGY SYSTEMS**
    **AMERICAS, INC.**

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 27th day of January, 2021, a true and correct copy of this document was served on all *Pro Se* parties and on all known counsel of record via the ECF system, email, facsimile, first class mail and/or otherwise.

    */s/ James M. Kimbell*
    **JAMES M. KIMBELL**