Case 4:21-cv-00260   Document 29   Filed on 09/27/21 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
September 27, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHARLES OTIS HERRING and PAMELA HERRING, | § § § § § | |
| Plaintiffs. | | |
| VS. | § § | CIVIL ACTION NO. 4:21-cv-00260 |
| TRUEBLUE PEOPLE READY, INC. AND RENEWABLE ENERGY SYSTEMS AMERICAS, INC., | § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Plaintiffs' motion to remand. *See* Dkt. 15. After carefully considering the briefing, the pleadings on file, and the applicable legal authorities, I recommend that the motion be **DENIED**.

## BACKGROUND

On December 22, 2020, Plaintiffs Charles Otis Herring and Pamela Gary Herring filed this lawsuit against Renewable Energy Systems Americas, Inc. ("RES") and People Ready, Inc. ("PeopleReady") in the 329th Judicial District Court of Wharton County, Texas. Plaintiffs allege that Mr. Herring was injured working at a solar installation facility in Damon, Texas. According to the Original Petition, Mr. Herring endured a series of unfortunate events:

> [Mr. Herring] had been specifically assigned to work on the Motor Crew, which was responsible for the proper elevating and securing of the torque tubes which supported the [solar] panels['] spacing and elevation, as well as their alignment with the entire line. On the date of October 17, 20019, [Mr. Herring] suffered a ruptured inguinal column, as well as a herniated bladder when he manually lifted a motor mount and torque tube assembly weighing in excess of 340 pounds . . . . On the date in question, [Mr. Herring] was performing his normal duties when a torque tube assembly fell on his shoulders during the manual installation process.

1

Dkt. 1-3 at 6. Plaintiffs, representing themselves *pro se*, have brought causes of action for negligence and gross negligence against RES and PeopleReady. Plaintiffs seek both compensatory and punitive damages.

RES timely removed the instant lawsuit to this Court on the basis of diversity jurisdiction. The other defendant, PeopleReady, consented to the removal. Plaintiffs have now filed a motion to remand, arguing that their claims are non-removable under 28 U.S.C. § 1445(c) because such claims arise under the Texas Workers' Compensation Act ("TWCA").

## LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action "brought in a State court of which the district courts of the United States have original jurisdiction." District courts possess original jurisdiction if: (1) the complaint raises a federal question; or (2) there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). Removal based on diversity jurisdiction requires complete diversity where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Even if federal question jurisdiction or diversity jurisdiction exists, Congress has determined that certain types of specifically enumerated actions are non-removable. *See* 28 U.S.C. § 1445.

District courts strictly construe the removal statute "because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). The party removing a case to federal court bears the burden of establishing that the district court possesses federal jurisdiction and that removal is proper. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts as to removability should be resolved in favor of remand. *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

## ANALYSIS

Plaintiffs do not dispute that RES timely removed this action to federal court, that complete diversity of citizenship exists,[1] or that the amount in controversy exceeds $75,000, exclusive of interests and costs. Plaintiffs' argument in favor of remand is that this lawsuit is non-removable under 28 U.S.C. § 1445(c). Section 1445(c) bars removal of "[a] civil action in any State court *arising under* the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c) (emphasis added). Congress enacted § 1445(c) "to stop the removal of [workers'] compensation cases which were increasing the already overburdened docket of the federal courts." *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1091 (5th Cir. 1991).

"For purposes of § 1445(c), a claim arises under the TWCA if: (1) the TWCA establishes the cause of action or (2) Plaintiff's right to recovery requires the resolution of a substantial question of the TWCA." *Mendez v. Wal-Mart Assocs., Inc.*, No. EP-18-CV-189-PRM, 2018 WL 7288581, at *2 (W.D. Tex. Sept. 10, 2018). *See also Patin v. Allied Signal*, 77 F.3d 782, 787 (5th Cir. 1996) ("[T]he 'arising under' standard expressed in § 1445(c) should be interpreted broadly and in a manner consistent with our interpretation of that standard under [28 U.S.C.] § 1331, which governs federal question jurisdiction.").

### A. DOES THE TWCA ESTABLISH PLAINTIFFS' CAUSE OF ACTION?

The first question I need to address is whether the TWCA establishes Plaintiffs' causes of action. To make that assessment, I turn at Plaintiffs' Original Petition, which alleges claims for negligence and gross negligence. Nothing more. Specifically, the live pleading complains that RES and PeopleReady:

- "fail[ed] to inform [Mr. Herring] as to the inherently dangerous nature of the work which was being required of him on the Motor Mount Assembly Crew."

---

[1] Plaintiffs are Texas residents; RES is a Delaware corporation with its principal place of business in Colorado; and PeopleReady is a Washington corporation with its principal place of business in Washington.

3

- "fail[ed] to provide [Mr. Herring] with the necessary protective equipment for the job which he was performing, thereby contributing directly to his accident, and resulting injuries."

- "deliberately create[ed] an atmosphere of fear, where workers were subject to threats of reprisal and intimidation for advocating workers' rights, and had daily quotas for [Mr. Herring's] team."

- "deliberately, and maliciously required [Mr. Herring] to perform tasks which contravened OSHA standards relating to safety by assigning him to frequently lift excessive weight beyond the limitations imposed by Defendants['] own policies, resulting in his injuries."

Dkt. 1-3 at 10. Nowhere to be found in the live pleading is any reference to the TWCA, or any other relevant workers' compensation statute. Likewise, the Original Petition is silent as far as the existence of any state workers' compensation proceedings related to this matter.

Plaintiffs offer no argument that the source of their negligence and gross negligence claims is the TWCA. And for good reason. It appears clear from existing Fifth Circuit and Texas Supreme Court precedent that the negligence and gross negligence actions Plaintiffs assert in the Original Petition come from the common law, not from the Texas workers' compensation laws. *See, e.g., Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel, L.L.C.*, 620 F.3d 558, 564 (5th Cir. 2010) (making an *Erie*-guess that an employee's negligence claim against a non-subscribing employer is not preempted by the TWCA but arises under the common law); *Kroger Co. v. Keng*, 23 S.W.3d 347, 349–51 (Tex. 2000) (stating in dicta that a negligence claim against a non-subscriber is modified by the TWCA—e.g., by limiting the defenses a non-subscribing employer may raise—but remains a claim at common law). The TWCA provides a no-fault workplace-insurance scheme to compensate employees who are injured on the job. *See Kroger*, 23 S.W.3d at 349. Employers in the Lone Star State are afforded the opportunity to opt out of the statutory framework, "resulting in their employees retaining their common-law

4

rights." *Id.* at 350. To discourage employers from opting out, "the Legislature included within the [TWCA] a penalty provision, . . . preclud[ing] nonsubscribing employers from relying on the traditional common-law defenses—contributory negligence, assumption of the risk, and fellow servant—in defending against their employees' personal-injury actions." *Id.* While the TWCA modifies the defenses available to a non-subscriber at common law, it "does not create a cause of action that usurps the common-law cause of action." *Rentech*, 620 F.3d at 564. *See also Kroger*, 23 S.W.3d at 349–51.

Following *Rentech* and *Kroger*, federal district courts sitting in the State of Texas almost universally conclude that negligence and gross negligence claims are established by the common law, not the TWCA. *See Kaspar v. Ryder Integrated Logistics, Inc.*, No. EP-20-CV-00245-RFC, 2020 WL 6741654, at *2 (W.D. Tex. Nov. 17, 2020) ("[T]he TWCA does not create Plaintiff's [negligence] cause of action, but merely modifies aspects of it. Rather, Plaintiff's negligence claim against Defendant arises from Texas common law."); *Varela v. Home Depot U.S.A., Inc.*, No. 4:18-CV-952-A, 2019 WL 1041335, at *1 n.3 (N.D. Tex. Mar. 4, 2019) ("Plaintiff also contends that her claims arise under Texas workers' compensation laws, making this action non-removable under 28 U.S.C. § 1445(c). But, the only cause of action she alleged is negligence, which arises under Texas common law, not workers' compensation laws." (cleaned up)); *Mendez*, 2018 WL 7288581, at *3 ("[E]ven though the TWCA modifies the defenses available to an employer, this type of modification does not mean that a claim against a nonsubscribing employer is established by the TWCA."); *Mayes v. Home Depot USA, Inc.,* No. 4:15-CV-02390, 2015 WL 9319238, at *2 (S.D. Tex. Dec. 23, 2015) ("[Plaintiff's] negligence claim arises under the common law, not the workers' compensation laws of Texas. Therefore, removal of this action is not barred by § 1445(c)."). I join this large and growing list of federal judges holding that negligence and gross negligence claims are created by the common law, not the enactment of the Texas workers' compensation scheme.

**B. DO PLAINTIFFS' NEGLIGENCE AND GROSS NEGLIGENCE CLAIMS REQUIRE THE RESOLUTION OF A SUBSTANTIAL QUESTION OF THE TWCA?**

Having determined that the TWCA does not establish a cause of action for non-subscriber negligence, I must now ask whether Plaintiffs' right to recovery requires the resolution of a substantial question of the TWCA. The answer is simple: No.

The sole issue in this lawsuit is whether, according to the facts Plaintiffs alleged in the Original Petition, Defendants were negligent. "The TWCA does not factor into this analysis." *Casas v. R & L Carriers, Inc.*, No. EP-17-CV-122-PRM, 2017 WL 11207252, at *4 (W.D. Tex. June 12, 2017). Put another way, "the essence of Plaintiff's claims is not a dispute as to the meaning of any provision in the TWCA but rather about whether Defendants were negligent." *Gomez v. O'Reilly Auto. Stores, Inc.*, 283 F. Supp. 3d 569, 577 (W.D. Tex. 2017). To prevail in this lawsuit, Plaintiffs must prove all the elements of common-law negligence and gross negligence. Plaintiffs' negligence-based claims do not implicate any question—much less a substantial question—of the TWCA.

****

Because (1) the TWCA does not establish Plaintiffs' negligence and gross negligence causes of action; and (2) Plaintiffs' right to recovery does not require the resolution of a substantial question of the TWCA, I conclude that Plaintiffs' claims do not arise under the TWCA. As a result, § 1445(c) does not bar removal of this case or present any basis for remanding this matter back to state court. This case is properly in federal court.

## CONCLUSION

For the reasons explained above, I recommend that Plaintiffs' motion to remand *(*Dkt. 15*)* be **DENIED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure

to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

    SIGNED this 27th day of September 2021.

                                        _____
                                        ANDREW M. EDISON
                                      UNITED STATES MAGISTRATE JUDGE