Case 4:21-cv-00260   Document 44   Filed on 01/19/22 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
January 19, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES OTIS HERRING, et al., § § Plaintiffs. § § VS. § CIVIL ACTION NO. 4:21-cv-00260 § TRUEBLUE PEOPLE READY, INC., § et al., § § Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me are two motions to dismiss Plaintiffs' Supplemental Complaint. One is filed by PeopleReady, Inc. ("PeopleReady"), and the other is filed by Renewable Energy Systems Americas, Inc. ("RES"). *See* Dkts. 37–38. After analyzing the motions, the responses,[1] and the relevant legal authorities, I recommend that the motions be **GRANTED in part and DENIED in part**.

## BACKGROUND

Plaintiffs Charles Otis Herring ("Mr. Herring") and Pamela Gary Herring ("Ms. Herring"), representing themselves pro se, originally filed this lawsuit against RES and PeopleReady in state district court in Wharton County, Texas. Plaintiffs' Original Petition asserted negligence and gross negligence causes of action arising out of a workplace injury Mr. Herring sustained while working at a solar installation facility.

---

[1] As an aside, RES asks me to strike Plaintiffs' response to its motion to dismiss as untimely. *See* Dkt. 43. The response was due on January 3, 2022, and the certificate of service indicates it was put in the mail on that date. However, Plaintiffs' response was file-stamped on January 5, 2022—a whopping two days late. I do not like to play procedural "gotchas" with pro se litigants, and that is exactly how I perceive RES's request. The motion to strike is denied.

RES timely removed this case to federal court on the basis of diversity jurisdiction. A short time later, Plaintiffs filed a motion to remand, which I denied. Plaintiffs then asked for permission to file a Supplemental Complaint, adding a claim for racial discrimination under 42 U.S.C. § 1981. Over Defendants' strenuous objections, I allowed Plaintiffs to supplement the complaint with a § 1981 claim. I also permitted Defendants to file motions seeking to dismiss the § 1981 claim once Plaintiffs filed their Supplemental Complaint. Now that Plaintiffs have filed the Supplemental Complaint, PeopleReady and RES have each moved to dismiss Plaintiffs' Supplemental Complaint under Federal Rule of Civil Procedure 12(b)(6).

As alleged in the Supplemental Complaint, Mr. Herring, a black man, worked for both PeopleReady and RES. In July 2019, he purportedly accepted a job with PeopleReady "as a contract worker at a solar panel installation facility in Damon[,] Texas." Dkt. 36 at 4. Plaintiffs further allege that Mr. Herring "was taken through the orientation process where the company's policies, safety practices, and general site rules were studied. Plaintiff's contractual situation with RES Americas, Inc. began at this time." *Id*. Mr. Herring was initially assigned to the Tracking Crew's Elevation Team, where he and his fellow workers ensured that the torque tube assemblies were properly aligned and raised.

Plaintiffs complain that PeopleReady and RES treated black employees unfairly. According to the Supplemental Complaint, "[b]lack workers were routinely laid off on the spot in the fields when a manager rode up in his pick-up and 'felt' that they were not working quickly enough." *Id*. When a PeopleReady employee allegedly referred to Mr. Herring as an "Old Nigger," Mr. Herring complained to management. *Id*. at 5. He was subsequently reassigned to work on the Motor Mount Team. In this new role, Mr. Herring was required to assist in lifting heavy steel tubes. On October 17, 2019, one of the steel tubes that Mr. Herring was attempting to lift fell on his shoulders, resulting in serious personal injuries. This lawsuit followed.

**LEGAL STANDARD**

A.    **RULE 12(B)(6)**

Rule 12(b)(6) provides that a defendant is entitled to dismissal when the plaintiff fails to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility requires facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This is a context-specific inquiry, "requir[ing] the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In deciding a Rule 12(b)(6) motion, I must "accept all well-pleaded facts as true, drawing all reasonable inferences in the nonmoving party's favor." *Benfield v. Magee*, 945 F.3d 333, 336 (5th Cir. 2019). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Id.* at 336–37 (cleaned up). Allegations relying on mere speculation are nonactionable, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

B.    **42 U.S.C. § 1981**

Section 1981 provides in pertinent part that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). "[T]he term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b). To state a claim for relief under § 1981, a plaintiff must allege that (1) he or she is a member of a racial minority; (2) the defendant(s) had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute, such as the making and

3

enforcement of a contract. *See Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 931 (5th Cir. 2021).

## ANALYSIS

### A. PAMELA HERRING FAILS TO STATE A PLAUSIBLE § 1981 CLAIM

It is unclear from reviewing the Supplemental Complaint whether Plaintiffs intend to assert a § 1981 claim on behalf of Ms. Herring.[2] Out of an abundance of caution, I will read the Supplemental Complaint broadly and assume that Ms. Herring is, indeed, bringing a § 1981 cause of action against Defendants.

Ms. Herring's § 1981 claim must be dismissed because she fails to allege the third element required to properly state a § 1981 cause of action—the existence of a contractual relationship between her and the Defendants. This is not a technical defect. "Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). "A § 1981 claim fails as a matter of law if the plaintiff lacks rights under the existing (or proposed) contract that he wishes to make and enforce." *Perry*, 990 F.3d at 931 (quotation omitted). Accordingly, Ms. Herring's failure to allege that a contract exists between herself and the Defendants dooms her § 1981 claim.

### B. CHARLES HERRING STATES A PLAUSIBLE § 1981 CLAIM

Turning to Mr. Herring's § 1981 claim, Mr. Herring clearly satisfies the first prong of such a claim because he alleges that he is a member of a racial minority.

---

[2] The Cause of Action section of the Supplemental Complaint is titled "Plaintiff's Causes of Action Under 42 U.S.C. & [sic] § 1981." Dkt. 36 at 8. I cannot tell whether this cause of action is being brought by one Plaintiff, as the title of the section suggests, or by both Mr. Herring and Ms. Herring. If only one Plaintiff is bringing the § 1981 cause of action, the Supplemental Complaint fails to clearly indicate whether the "Plaintiff" is Mr. Herring or Ms. Herring.

4

Defendants challenge, therefore, concerns whether Mr. Herring satisfies the second and third elements of a § 1981 claim.

I begin with the third element. RES argues that Mr. Herring's § 1981 claim must fail because, like his wife, he does not allege that a contract exists between himself and RES. I completely disagree. As noted, the Supplemental Complaint specifically alleges that Mr. Herring accepted a job with PeopleReady "as a contract worker." Dkt. 36 at 4. The Supplemental Complaint further alleges that Mr. Herring's "contractual situation" with RES began after he participated in an orientation session where he learned about the company's policies and procedures. *Id.*

Under binding Fifth Circuit precedent, these allegations are more than sufficient to establish, at least at the pleading stage, the existence of employment contracts between Mr. Herring and RES and, separately, Mr. Herring and PeopleReady. *See Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 425 (5th Cir. 2000). In *Byers*, the Fifth Circuit found the following language in a complaint sufficient to sufficiently plead the existence of an employment contract for a § 1981 claim: "Byers was hired by TDMN as a financial analysis [sic] around or about February 13, 1985. Around or about February, 1988, Byers was promoted to general accounting manager." *Id.* If that language passes muster, the Supplemental Complaint's specific allegations that Mr. Herring worked for both PeopleReady and RES, and had contractual relationships with both entities, certainly makes the grade. The Supplemental Complaint satisfies the third prong of a § 1981 claim.

To meet the second element of a § 1981 claim, Mr. Herring must allege sufficient facts to plausibly allege that Defendants discriminated against him based on his race. "Although naked allegations of discriminatory intent are too conclusory to survive a motion to dismiss, discriminatory motive may be—and commonly is—demonstrated by circumstantial evidence." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (cleaned up).

PeopleReady and RES maintain that Mr. Herring has failed to allege sufficient facts to indicate that they intentionally discriminated against him. I disagree.

Mr. Herring alleges that a PeopleReady employee named Justin directed highly offensive, racially charged language at him. Even after Mr. Herring specifically asked Justin to stop referring to him as a "nigger," Justin reportedly continued to hurl the racial epithet Mr. Herring's way. According to Mr. Herring, this was particularly problematic because Justin "assume[d] a lead role at the facility with the Tracking Crew" where Mr. Herring worked. Dkt. 36 at 5. Mr. Herring contends that he raised the issue with Pat Gujardo, the RES employee who oversaw the Tracking Crew. As alleged in the Supplemental Complaint, "Mr. Gujardo became angry with [Mr. Herring] for complaining about the racial epithets being directed toward him, but rather than counsel the lead worker Justin, Mr. Gujardo reassigned [Mr. Herring] to another crew." *Id.* at 6.

Although Mr. Herring does not claim that he was wrongfully discharged, he does allege that he was treated differently than other co-workers due to his race. In particular, he asserts that the only reason he was reassigned to a different work crew is that he complained about a supervisor's racist behavior. Viewing the facts in the light most favorable to Mr. Herring, as I must at this stage of the proceedings, I conclude that Mr. Herring has stated a claim against PeopleReady and RES for racial discrimination under § 1981.

To be clear, I readily acknowledge that this is a close call. The Supplemental Complaint does not do a great job explaining the conduct allegedly demonstrating a discriminatory intent. However, at the same time, I think Mr. Herring has done enough at this initial pleading stage, especially since he is representing himself pro se. Although Mr. Herring's factual allegations must "raise the right to relief above the speculative level," the Fifth Circuit has instructed district courts to "hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). Applying this

standard, Mr. Herring's § 1981 claim survives, for now. I expect that we will revisit the validity of the § 1981 claim on summary judgment.

## CONCLUSION

For the reasons identified above, I recommend that the motions to dismiss Plaintiffs' Supplemental Complaint filed by PeopleReady and RES (*See* Dkts. 37–38) be **GRANTED in part and DENIED in part**. More specifically, Ms. Herring's § 1981 claim should be dismissed, and Mr. Herring's § 1981 claim should survive the pleading stage.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 19th day of January 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE